112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William E. NORDMANN, Sr., Individually and as Temporary
Administrator and Representative of Estate of William
Michael Nordmann, deceased; Mary Nordmann, individually,
and on behalf of all legal beneficiaries of Estate of
William Michael Nordmann, deceased; Ernest Collins,
individually and as Joint Temporary Administrator and
Representative of Estate of Martin Joseph Collins, deceased;
Irene Davis, individually and as Joint Temporary
Administrator and Representative of Estate and Beneficiaries
of Estate of Martin Joseph Collins; Jerry Sellers, Mr.,
individually and as Temporary Administrator and
Representative of Estate of Tanna Sellers Collins; Jerry
Sellers, Mrs., individually and as Temporary Administrator
and Representative of Estate and Beneficiaries of Tanna
Sellers Collins; Eldon Hill, Mr., as Joint Temporary
Administrator and Representative of Estate of Thomas Hill,
deceased; Eldon Hill, Mrs., as Joint Temporary
Administrator and Representative of Estate of Thomas Hill,
deceased, and of Legal Beneficiaries of Estate of Thomas
Hill, Plaintiffs-Appellants,
v.
THAI AIRWAYS INTERNATIONAL, LTD., Defendant-Appellee.
 No. 96-15103.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1997.*
Decided April 23, 1997.
 
 Before: GOODWIN, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants, survivors and estates of eight of the persons killed in the 1992 crash of a Thai Airways International, Ltd. ("Thai Airways") passenger plane, appeal the district court's dismissal of their wrongful death action for lack of subject matter and personal jurisdiction. We affirm.
 
 I.
 
 3
 Appellants argue that the district court erred in declining to exercise supplemental jurisdiction over their claim under 28 U.S.C. § 1367. Section 1367(a) provides, in pertinent part, that "[e]xcept as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Appellants' argument ignores the first clause of section 1367 which states, "[e]xcept as expressly provided otherwise by Federal statute."
 
 
 4
 Section 1604 of the Foreign Sovereign Immunities Act ("FSIA") expressly provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." 28 U.S.C. § 1604. Thus, a federal court cannot assert jurisdiction, supplemental or otherwise, over a claim against a foreign state in the absence of jurisdiction under the FSIA. Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 439 (1989) ("the FSIA provides the sole basis for obtaining jurisdiction over a foreign state in federal court...."). In order for a federal court to obtain subject matter jurisdiction over a claim against a foreign state, the claim must fall within an exception to immunity under section 1605 or 1607 of the FSIA. Siderman de Blake v. Republic of Argentina, 965 F.2d 699, 706 (9th Cir.1992).[1]
 
 II.
 
 5
 Appellants argue that Thai Airways' conduct falls within the "commercial activity" exception to sovereign immunity under the FSIA. 28 U.S.C. § 1605(a)(2). Section 1605(a)(2) of the FSIA provides, in pertinent part, that a foreign state "shall not be immune from the jurisdiction of the courts of the United States or of the States in any case in which the action is based ... upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2).
 
 
 6
 Appellants seek to bring a wrongful death action ("the action") based upon a Thai Airways plane crash ("an act"). In order to fall within the exception to jurisdictional immunity under section 1605(a)(2) clause three, Appellants must allege that the Thai Airways crash, the act upon "which the action is based," caused a direct effect in the United States. Appellants argue that Thai Airways' acceptance of payment by a credit card which was issued by a bank located in the United States and claim for payment against that bank constituted a direct effect of the Thai Airways crash.[2] Thai Airways' acceptance of payment by a credit card issued by a bank located in the United States was not an "effect" of the Thai Airways crash at all. Rather, Thai Airways' acceptance of payment from a credit card company located in the United States was the "effect" of the purchase of an airline ticket by Appellants' decedents. The type of effect referred to in section 1605(a)(2) is an effect resulting directly from the act complained of that "is substantial and foreseeable." Siderman de Blake, 965 F.2d at 710, citing America West Airlines, Inc. v. GPA Group, LTD., 877 F.2d 793, 799 (9th Cir.1989); Australian Government Aircraft Factories v. Lynne, 743 F.2d 672, 674 (9th Cir.1984). Because Thai Airways' action in seeking payment on a credit card charge was not an effect of the Thai Airways' plane crash, their actions do not fall within the exception to immunity stated in § 1605(a)(2) and the district court was without jurisdiction in this case.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the government of Thailand owns 92.86% of Thai Airways' stock, Thai Airways is an instrumentality of the Kingdom of Thailand. See 28 U.S.C. § 1603(b); Compania Mexicana de Aviacion v. United States District Court, 859 F.2d 1354, 1359 (9th Cir.1988)
 
 
 [2]
 Appellants' decedents purchased their tickets outside the United States with a credit card issued by a bank located in the United States